UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RONALD FIELDS, <br><br> Plaintiff, <br><br> v. <br><br> REGGIE NEVELS, et al., <br><br> Defendants. | CAUSE NO.: 1:19-CV-173-TLS-SLC |

**OPINION AND ORDER**

Ronald Fields, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Fields names five officials from the Grant County Sheriff's Department as defendants and describes the conditions of his confinement at the Grant County Jail, including limited access to bathrooms, exposure to staph infection, and overcrowding. In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in

the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). The subjective prong asks whether a prison official acted with "deliberate indifference to a substantial risk of serious harm to a prisoner." *Farmer,* 511 U.S. at 836. However, "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Because Fields does not explain how the defendants were personally involved with his claims, he does not state a valid claim against them.

Though Fields cannot proceed on this complaint, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each defendant in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

As a final matter, Fields has not resolved his filing fee status. To proceed with this case, Fields must either immediately pay the filing fee in full or file a motion for leave to proceed in forma pauperis. If he chooses to file a motion for leave to proceed in forma pauperis, he should use this court's form motion and file it with his trust fund ledgers for the last six months attached.

For these reasons, the court:

(1) DIRECTS the clerk to send Ronald Fields a copy of the court's forms for a Prisoner Complaint (INND Rev. 8/16) and Prisoner Motion to Proceed in Forma Pauperis;

(2) GRANTS Ronald Fields until June 3, 2019, to file an amended complaint and to resolve his filing fee status; and

(3) CAUTIONS Ronald Fields that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on May 30, 2019.

                                                  s/ Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT